# MUSCOGEE SUPERIOR COURT.

## The State vs. Wm. F. Luckie.

### *Habeas Corpus.*

1. If one of two parties plaintiff being partners in trade, take the benefit of the Insolvent Law, and return upon his schedule, the debt due by judgment to the firm, and no trustee is appointed in terms of the Law, to take charge of the assets returned, no process can be issued for the collection of the judgment.

2. If one of two partners take benefit of the Insolvent Law, the other partner has no authority to collect such of the debts of the firm as are placed on the insolvent's schedule.

## AT CHAMBERS, January 1st, 1842.

The facts in this case, as they appear by the return of the Sheriff, (*Luckie,*) and are agreed on by the parties in interest, are as follows : In the month of January, eighteen hundred and thirty-nine, *Calhoun & Bass* obtained a judgment in the Superior Court, of this county, against *George W. Ross,* for the sum of five thousand dollars. On that judgment, and within the last few days, a *ca. sa.* has been issued, returnable to the next term of the Inferior Court, by virtue of which the defendant has been arrested, and is now held in custody. At the last term of the Superior Court, in this county, and prior to the issuance of the *ca. sa.,* one of the plaintiffs, to wit : *Calhoun,* took the oath, and received the benefit of the " Act for the relief of honest debtors," reported in *Prince's* Digest 291. In the schedule of property filed by *Calhoun,* preparatory to his discharge, is embraced the debt for which the defendant is now held in custody, and the judgment (and a *fi. fa.* which has heretofore been issued upon it) were, at the time of his discharge, placed within the control of the Court. An Act of the Legislature, passed December 5, 1801, reported in *Prince's* Digest 286, provides, that " if any part of the property so given up shall consist of judgments, bonds, notes, contracts, securities, mortgages, liquidated demands, or open accounts, the Court

[State vs. Luckie.]

shall order the same to be assigned over, by said debtor or debtors, to some fit or proper person, or persons, whom a majority of the creditors shall nominate, to the use of and in trust for such judgment creditors, which, when collected by the said trustees, together with the money which may be in the hands of the Sheriff, arising from the sale of any property of such debtor, or debtors, shall be subject to the further order of and after the payment of the costs and charges, shall be distributed by the said Court agreeably to the Laws within this State, for the payment of judgments and executions."

At the time the judgment on which this *ca. sa.* was issued, with the balance of the property owned by *Calhoun*, was reported to the Court, and a discharge from personal confinement awarded to *Calhoun*, the attention of the creditors and their counsel was called to the subject of a nomination of trustees, to take charge of that portion of the property returned, which was not reduced to possession; but time was asked for to agree upon a nomination, which was, by the Court, given to them. The subject seems, from that period, to have passed from the minds of those more immediately interested, and the Court adjourned without the making of any order of appointment in the premises. Since the adjournment of Court, and without authority or warrant of Law, the *ca. sa.* which has led to this motion has been issued, by the Clerk of the Inferior Court, and by the Sheriff levied upon the body of the defendant. It is from the custody of the levying officer that the defendant, *Ross*, seeks, by this writ of *habeas corpus*, to be relieved. That the defendant should be discharged from the custody of the Sheriff, and the *ca. sa.* itself cancelled, results from the fact that the debt which lies at the foundation of the *ca. sa.* was placed in the custody of the Superior Court, at its last term, and has not from thence been removed by competent authority. The control of this demand was given to the Court under the Law for the benefit of the creditors of *Calhoun*, and it must be, *by the order of the Court*, collected and distributed. This duty cannot be performed, consistently with the right of the Clerk and Sheriff, on their own voluntary motion, or by the instruction of the plaintiffs or their agents, to issue and execute a *ca. sa.* to coerce the payment of the debt. The legitimate result of the right of the plaintiffs to insist upon the prosecution of this *ca. sa.*, is their right to receive the money due upon it. It is equally the privilege of the defendant, too,

[State vs. Luckie.]

to pay the money to either of the plaintiffs or to the Sheriff, if he be liable to the operation of the *ca. sa.* at the pleasure of the plaintiffs. Suppose the money thus paid, and *in vacation,* I know of no means by which the Court can, in the present situation of the case, protect and secure the funds, or any part of it, to the creditors of *Calhoun.* The right of *Bass* to receive a moiety of the money due from the defendant, cannot be used as a pretext for permitting the *ca. sa.* thus to proceed. That right the Court can and will respect and protect in the distribution of the money, when it shall be collected by its appropriate agents for this purpose, and be by him submitted to its order; but if the money be paid in present circumstances on the *ca. sa.,* it may pass beyond the control of the Court. The proper custody of the demand, and the trust connected with it, then require that the *ca. sa.* in question be stayed. This, of course, without prejudice to the demand on which it is founded.

The judgment of the Court, on this writ of *habeas corpus,* is, that the defendant be discharged from further confinement, and that the *ca. sa.,* by virtue of which he has been arrested, be returned, and, by the Clerk who issued it, cancelled.

It is ordered, that the Clerk enter this decision upon the minutes of the Court, and file the same of record.

MARSHALL J. WELLBORN, j. s. c. c. c.